Filed 3/2/15  Boling v. DTG Operations CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MARK BOLING, | |
| Plaintiff and Appellant, | G049360 |
| v. | (Super. Ct. No. 30-2012-00540971) |
| DTG OPERATIONS, INC., | O P I N I O N |
| Defendant and Respondent. | |

Appeal from an order of the Superior Court of Orange County, Franz E. Miller, Judge.  Affirmed.

Law Offices of James E. Mahfood and James E. Mahfood; Dale M. Fiola for Plaintiff and Appellant.

Perkins Coie, Michael B. Garfinkle and Joren S. Bass, for Defendant and Respondent.

## INTRODUCTION

This appeal is a companion to the appeal in another case we decide today (*Boling v. DTG Operations, Inc.* (Mar. 2, 2015, G049106) [nonpub. opn.].)  Despite having lost a motion for summary judgment and having a judgment entered against him, appellant Mark Boling inexplicably put in for over $300,000 in attorney fees, on the theory that he had actually prevailed against respondent DTG Operations, Inc., the company that operates Dollar Rent A Car (Dollar).  The trial court found Boling was not entitled to fees.

We affirm.  Boling did not make the showing necessary to obtain an attorney fee award under either of the statutes upon which he based his fee motion.  The trial court had the discretion to make this determination, and Boling has not shown how this discretion was abused.

## FACTS

A detailed recitation of the facts underlying this appeal can be found in our opinion regarding Boling's appeal from the judgment entered after the trial court granted Dollar's motion for summary judgment.  Briefly, Boling sued Dollar under the California Unfair Competition Law (UCL) and the Consumer Legal Remedies Act (CLRA) after discovering a small discrepancy between the amount quoted on the Dollar website and amount actually charged at the Phoenix airport when he rented a car.[1]  The trial court determined that he had not been damaged by the error and granted Dollar's motion for summary judgment.  Boling appealed from the judgment, and we affirmed.  (*Boling v. DTG Operations, Inc., supra,* G049106.)

Undeterred by the judgment against him, Boling moved to collect attorney fees under Code of Civil Procedure section 1021.5 and Civil Code section 1780, subdivision (e).   He asked for $337,443.

---

[1] The website quoted an amount for a county tax that was $1.89 less than the amount Dollar actually charged.

2

The trial court denied the portion of the fee motion made under the Code of Civil Procedure because Boling did not prevail, the public did not benefit significantly, and the lawsuit lacked merit. In addition, the court found that Dollar had fixed the error in the rental website independently of the lawsuit. As to the Civil Code section, Boling was not the prevailing plaintiff. Other than that, the court was hard-pressed to find fault with Boling's motions.

## DISCUSSION

**I.        Code of Civil Procedure section 1021.5**[2]

We review the trial court's determination of whether a party qualifies for attorney fees under Code of Civil Procedure section 1021.5 for abuse of discretion. (See *Press v. Lucky Stores, Inc*. (1983) 34 Cal.3d 311, 317 (*Press*).) With respect to section 1021.5, "[t]he trial judge is considered to be in the best position to determine whether the criteria have been met, and its determinations will not be disturbed '"unless the appellate court is convinced that it is clearly wrong."' [Citation.]" (*County of Orange v. Barratt American*, *Inc*. (2007)150 Cal.App.4th 420, 441.)

Code of Civil Procedure section 1021.5, sometimes called the private attorney general statute (see *Press, supra,* 34 Cal.3d at p. 317), provides, in pertinent part: "Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award

---

[2]        Boling's opening brief contains an argument section asserting error in the denial of his fee motion as an element of costs under Code of Civil Procedure section 1032. As he did not move in the trial court for fees under this statute, we do not consider this issue on appeal. (See *Burden v. Snowden* (1992) 2 Cal.4th 556, 570.)

3

appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any."

Boling's lawsuit could not even survive a motion for summary judgment. He was therefore not a "successful party" in the sense that he prevailed in his action. (See *Graham v. DaimlerChrysler Corp.* (2004) 34 Cal.4th 553, 570 ["prevailing party" and "successful party" synonymous terms].) Nevertheless, Boling could be entitled to fees if his "'lawsuit was a *catalyst* motivating defendants to provide the primary relief sought . . . .' [Citation.] A plaintiff will be considered a 'successful party' where an important right is vindicated 'by activating defendants to modify their behavior.' [Citation.]" (*Westside Community for Independent Living, Inc. v. Obledo* (1983) 33 Cal.3d 348, 353; see *Cates v. Chiang* (2013) 213 Cal.App.4th 791, 806.)

In this case, the court determined that the lawsuit did not motivate Dollar to change its behavior. "'The trial court's determination of causation is entitled to deference by the appellate court if there is any reasonable basis in the record to support the determination.' [Citation.] We are required to draw all reasonable inferences in support of the findings and view the record most favorably to the court's conclusion. If there is evidence to support the court's finding, we must affirm even if other evidence supports a contrary finding or a different fact finder could have reasonably reached a different conclusion. [Citations.]" (*Cates v. Chiang, supra,* 213 Cal.App.4th at p. 808.)

Substantial evidence supported the court's finding. A declaration from a Dollar officer established that the day after receiving Boling's pre-litigation notice, the notice mandated by Civil Code section 1782, Dollar began the process of rectifying the website problem.[3] In other words, the notice, not the lawsuit, caused the website modification.

---

[3] Owing to a miscommunication between Dollar's tax department, which received the notice in December 2011, and the team responsible for the Dollar website, the miscalculation was not actually fixed until May 2012.

In addition, the action did not significantly benefit the general public or a large class of persons. "The Supreme Court has explained the legislative intent behind the 'significant benefit' requirement: 'Of course, the public always has a significant interest in seeing that legal strictures are properly enforced and thus, in a real sense, the public always derives a "benefit" when illegal private or public conduct is rectified. Both the statutory language ("significant benefit") and prior case law, however, indicate that the Legislature did not intend to authorize an award of attorney fees in every case involving a statutory violation. We believe rather that the Legislature contemplated that in adjudicating a motion for attorney fees under [Code of Civil Procedure] section 1021.5, a trial court would determine the significance of the benefit, as well as the size of the class receiving benefit, from a realistic assessment, in light of all the pertinent circumstances, of the gains which have resulted in a particular case.' [Citation.]" (*California Common Cause v. Duffy* (1987) 200 Cal.App.3d 730, 749.)

The trial court found Boling's lawsuit did not significantly benefit the general public or a large class of persons; it therefore declined to award attorney fees. We review such a finding for abuse of discretion (see *Boccato v. City of Hermosa Beach* (1984) 158 Cal.App.3d 804, 812), and we find no abuse of discretion here, given the small discrepancy between the tax amount quoted on the website on some of Dollar's rentals and the amount quoted and charged at the Phoenix airport. We see no reason to disturb the trial court's decision that Boling was not entitled to fees under Code of Civil Procedure section 1021.5.

## II.         Civil Code section 1780, subdivision (e)

Civil Code section 1780, subdivision (e) provides: "The court shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this section. Reasonable attorney's fees may be awarded to a prevailing defendant upon a finding by the court that the plaintiff's prosecution of the action was not in good faith."

5

Boling argues that he is in fact the "prevailing plaintiff" under the statute because he achieved his litigation objectives even if judgment was entered against him. He identifies his litigation objective as getting Dollar to disclose the actual amount of the county tax on its website.

The California Supreme Court has held that "The attorney fee provision [of the CLRA] is to be found in [Civil Code] section 1780, subdivision (e), which states that the court 'shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed *pursuant to this section*.' (Italics added.) Thus, by its terms, attorney fees are not available under the CLRA for actions that do not meet the requirements of [Civil Code] section 1780, including the requirement that the consumer suffer some 'damage' as the result of specified unlawful practices." (*Meyer v. Sprint Spectrum L.P.* (2009) 45 Cal.4th 634, 644 (*Meyer*).)

We have already determined that Boling did not suffer any damage as a result of the error on Dollar's website. Under *Meyer*, attorney fees are not available to him.

The trial court found that Dollar fixed the problem on the website independently of Boling's lawsuit. The finding implies the lawsuit was unnecessary; the pre-litigation notice did the job. If in truth Boling's objective in filing a lawsuit was to make Dollar fix its website – and not to reap a bonanza of attorney fees or get a judgment to be used later as collateral estoppel – then the court found he achieved his objective independently of the lawsuit. This is a matter of evidence, and we do not reweigh evidence. Instead we assume the correctness of the order. Thus, even if we were to entertain Boling's argument about achieving his litigation goals, we could not second-guess the trial court's determination as to what made Dollar correct the website error. (See *Olsen v. Breeze, Inc.* (1996) 48 Cal.App.4th 608, 628-629.)

6

## DISPOSITION

The order is affirmed.  Respondent is to recover its costs on appeal.


BEDSWORTH, ACTING P. J.

WE CONCUR:


ARONSON, J.


THOMPSON, J.